TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00436-CV






Kodjo V. Amegnisso-Tossou, Appellant


v.


Afiwa Dela Ocloo-Kuakumensah, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN103126, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Kodjo V. Amegnisso-Tossou sued his former wife appellee Afiwa Dela
Ocloo-Kuakumensah seeking damages caused by her "unlawful conduct." (1) The district court ruled
that Tossou had "no case legally or factually" and that he was "using this litigation to harass his ex-spouse and [was] thereby harming her emotionally and financially." The court determined that
Tossou's claims were frivolous and dismissed the proceeding with prejudice. On appeal, Tossou
contends that the district court failed to apply the correct law and failed to follow the correct legal
procedure. We will affirm the district court's judgment dismissing the proceeding with prejudice. 

 In his petition, Tossou claimed that Kuakumensah falsely accused him of violating
a protective order. He claimed that her false accusation caused him to be arrested and detained in
jail during which time he was unable to pay the rent for his apartment. During Tossou's
confinement, he was evicted from his apartment. Ultimately, Tossou was found not guilty of
violating the protective order. After his release from jail, Tossou returned to his apartment and
found that his landlord "threw out" all of his personal possessions and most of them were lost or
destroyed. Tossou claimed that Kuakumensah's false accusation caused his eviction, the loss of his
personal property and damages of $25 million dollars. Kuakumensah generally denied Tossou's
claims. 

 Both parties appeared pro se at the nonjury proceeding on the merits. The district
judge was familiar with the parties as he previously presided over a jury trial in which Tossou
proceeded pro se. During the proceeding, the judge noted that in the previous jury trial, Tossou
represented to the court that his eviction was the fault of the man that fired him. Now, noted the
judge, Tossou represented to the court that his eviction was caused by Kuakumensah's claim that
he had violated the protective order. Kuakumensah testified that she has custody of their three
children and had not seen Tossou for two years until she saw him on the street one day. He told her
that he wanted to kill her or hurt her. After seeing Tossou, she called the police on several occasions
and obtained a protective order to keep him away from herself and her children. Tossou is not
paying the court-ordered child support for their three children. Following the parties' testimony, the
district court dismissed the proceeding as frivolous. 

 At the trial of an action or at any hearing inquiring into the facts and law of the action,
the court, may on its own motion determine that a pleading is groundless, brought in bad faith or for
the purpose of harassment. See Tex. Civ. Prac. & Rem. Code Ann. § 9.012(a) (West 2002). The 

court may impose sanctions that include among other things striking a party's pleading and
dismissing the cause. Id. § 9.012(e). We review a trial court's decision with regard to imposing
sanctions for an abuse of discretion. See GTE Communications Sys. Corp. v. Tanner, 856 S.W.2d
725, 730-32 (Tex. 1993) (orig. proceeding); Laub v. Pesikoff, 979 S.W.2d 686, 694 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). 

 On appeal, rather than complain that the dismissal was substantively improper,
Tossou contends that the district court failed to follow the proper legal procedure. Specifically, he
contends that the district court failed to follow the standard order for presenting evidence. He
complains that the court failed to hold a pretrial conference and then proceed with opening
statements, the petitioner's case, the defendant's case, closing arguments and then judgment. We
disagree. In reviewing the nonjury proceeding, the district court allowed Tossou to present his case
and allowed Kuakumensah to respond. We find no error in the district court's management of the
nonjury proceeding. Tossou failed to show that the district court abused his discretion in dismissing
the proceeding with prejudice. Tossou's contention is overruled. We affirm the district court's
judgment dismissing the case with prejudice. 



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003
1.   Tossou proceeds pro se on appeal and has filed an affidavit of inability to pay court costs. 
Kuakumensah declined to file an appellate brief. Both parties proceeded pro se in the district court.